IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| KATHRYN CHARUK, | § | CAUSE NO. |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | 7:18-cv-00037 |
| | § | |
| BC OPERATING INC., | § | |
| | § | |
| DEFENDANTS. | § | JURY DEMANDED |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**Plaintiff KATHRYN CHARUK ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

### OVERVIEW

1.      Defendant maintained a work environment in which a female co-worker commented that "you have to have a penis to get an office around here."  Defendant laid off a highly-skilled and competent female in order to retain a less qualified, less competent male who was the stepson of one of the managers.

### PARTIES

2.      Plaintiff is an individual who currently resides in Midland County, Texas.

3.      **Defendant BC OPERATING INC. also known as BC OPERATING, INC. ("Defendant")**, is a Texas corporation.  Defendant may be served with process through its registered agent, Michael E. Black at 4000 N. Big Spring, Ste. 310, Midland, TX 79705, or wherever he may be found.

JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

5. Venue is proper in the U.S. District Court for the Western District of Texas, Midland-Odessa Division pursuant to 42 U.S.C. 1391(b) because the unlawful practices alleged below were committed therein.

EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff received a Notice of Right to Sue from the EEOC on December 5, 2017. Plaintiff timely filed this suit within ninety (90) days. A true and correct copy of the Right to Sue Notice is attached hereto as Exhibit A.

CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

FACTS

8. On or about October 28, 2013, Plaintiff started working for Defendant as a geological technician ("geo-tech"). Defendant is a privately held, multi-generational family energy company.

9. Women were treated differently including always being assigned to cubicles regardless of experience and education compared to men. One female co-worker commented that "you have to have a penis to get an office around here." Men were invited to clay shoots and hunting trips, but women were not. This treatment shows how women were valued in the workplace compared to men.

## MERGER BETWEEN DEFENDANT AND NG

10. On December 3, 2015, it was announced in the *Midland Reporter-Telegram* that Defendant entered into a joint development agreement with Nadel and Gussman LLC (NG) of Tulsa, Oklahoma.

11. Defendant's Vice President Brandon Black was quoted as saying, "We fully believe the economics in this area are sufficient for development even in today's commodity price environment."

12. Like Defendant, NG is a privately held, multi-generational family energy company.

13. The agreement was described as a "merger" to employees.

14. The workplace changed with the addition of NG management. Scott Germann, President of NG Permian, continued with Defendant in some capacity after the "merger." Plaintiff is not privy to his exact position.

15. The first time Germann met Plaintiff, he called her, "Babe." Germann called Plaintiff and other women in the office diminutive "pet names" such as "sweetie" and "babe."

16. Plaintiff complained to her supervisor Dave Cromwell about Germann, but Cromwell was close to retirement and did not want to rock the board.

17. Plaintiff also complained to Doug Swift, Mike Moylett, and Alan LeFever about Germann. Doug Swift held the title of Senior Geo-Tech. As such, he had certain supervisory responsibilities over Plaintiff. For example, Swift determined which geo-techs got licenses and access to the Subsurface Library. He gave Plaintiff the workflow chart. Moylett and LeFever were geologists, but Plaintiff considered all three to be supervisors.

## PLAINTIFF'S MEDICAL CONDITION AND GENETIC TESTING

18. It was well-known in the office that Plaintiff has a rare thyroid condition called Hashimoto's Disease that requires expensive treatment.

19. Also, in the fall of 2015, Plaintiff underwent gene testing for breast cancer. Plaintiff's mother, aunt, and grandmother all were diagnosed with breast cancer in their early 30's. Plaintiff's doctor recommended that she undergo genetic testing.

20. Plaintiff shared this information with BC's HR Manager Linda Gregg.

21. Defendant is self-insured and/or partially self-insured.

## PLAINTIFF'S TERMINATION

22. On February 23, 2016, Plaintiff's employment was abruptly terminated without notice. She was told that it was not because of her work performance. She was told that it was because of overlap between positions, but she had previously been reassured by her boss that her position was safe.

23. Plaintiff was replaced by a male who is less qualified and has significantly less experience and/or a less qualified male was retained in her place. Mike Heinemann is Scott Germann's stepson. Senior Geo-tech Doug Swift had told Plaintiff at one point that he had evaluated Heinemann, and Heinemann was not competent to do the job.

## COUNT ONE – SEX DISCRIMINATION (TITLE VII)

24. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

25. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e-5(f).

26. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

27. Defendant intentionally discriminated against Plaintiff by terminating her employment because of sex.

28. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

29. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

## COUNT TWO– RETALIATION (TITLE VII)

30. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

31. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e-5(f).

32. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

33. Plaintiff engaged in protected activity when she complained to her boss, Joel Martin, that she was being treated differently because of her sex. Defendant retaliated against Plaintiff by terminating her because she engaged in protected activity.

34. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

35. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

## COUNT THREE – DISABILITY DISCRIMINATION

36. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

37. Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA). *See* 42 U.S.C. §12111(4).

38. Defendant is an employer within the meaning of the ADA. *See* 42 U.S.C. §12111(5).

39. Plaintiff is a qualified individual with a disability as defined by the ADA. *See* 42 U.S.C. §12102, 12111(8).

40. Plaintiff is otherwise qualified to perform the essential functions of her job as a geo-tech.

41. Defendant violated the ADA by terminating Plaintiff's employment because of her disability.

42. In the event that Plaintiff's condition is not a disability as defined by the ADA, Defendant regarded her as disabled and/or she has a record of disability.

43. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

## COUNT FOUR – GINA

44. Plaintiff is an employee within the meaning of the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff(2)(A).

45. Defendant is an employer within the meaning of GINA, 42 U.S.C. § 2000ff(2)(B).

46. Defendant violated GINA by terminating Plaintiff's employment because of information from Plaintiff's genetic tests and/or information about breast cancer running in Plaintiff's family.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

## DAMAGES

48. Plaintiff was discharged from employment by Defendant. Although she has diligently sought other employment, she has been unable to find a job at comparable pay. Plaintiff suffered damage to her pension or retirement benefits. Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of Social Security benefits. Plaintiff's damages include revenues from equity participation that she was denied due to discrimination. Reinstatement to Plaintiff's previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and future lost wages and benefits. Plaintiff suffered mental anguish and emotional distress.

## ATTORNEY'S FEES

49. Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorney's fees and costs (including, but not limited to, an award of reasonable expert witness fees), both trial and appellate, under Title VII, 42 U.S.C. §2000e-5(k).

## INTEREST

50. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

51.     Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

a. Compensatory and punitive damages;

b. Back pay and front pay;

c. Attorney's fees and costs;

d. Prejudgment and post-judgment interest;

e. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

By: /s/ Holly B. Williams
    Holly B. Williams
    Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEYS FOR PLAINTIFF
KATHRYN CHARUK**

EXHIBIT A

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kathryn Charuk<br>4801 Tremont Ave<br>Midland, TX 79707 | From: | El Paso Area Office<br>100 N. Stanton St.<br>6th Floor, Suite 600<br>El Paso, TX 79901 |

☐   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453-2017-00308 | Jesse R. Hernandez, Investigator | (915) 534-4197 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Lucy V. Orta*

Lucy V. Orta,
Area Office Director

NOV 3 0 2017
(Date Mailed)

Enclosures(s)

cc:
Linda Gregg
Director of Human Resources
BC OPERATING, INC.
4000 N Big Spring St
Ste 310
Midland, TX 79705

Holly B. Williams
Attorney at Law
WILLIAMS LAW FIRM, P.C.
1209 W. Texas Ave.
Midland, TX 79701

RECEIVED DEC 5 2017 BY: